UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID H. BROWN,<br><br>                              Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No. 09-CV-1453W (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. 13]** |

On July 6, 2009, Plaintiff David H. Brown commenced this action claiming depravation of property without due process of law, and requesting a writ of mandamus compelling Defendant United States of America to return seized property. On February 26, 2010, Defendant filed a motion for judgment on the pleadings under Federal Rules of Civil Procedure 12(c). (Doc. 13.)

The Court decides the matter on the papers submitted without oral argument. See Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANT** the motion for judgment on the pleadings.

I.  **BACKGROUND**

On January 21, 2009, Plaintiff returned to the United States from Mexico with a cooler containing 26 5mg vials of Humatrope, an FDA approved human growth

1 hormone. (*Compl.* [Doc. 1[1]], 2:9)  In response to an inquiry by a border agent at the Otay Mesa Port of Entry, Plaintiff disclosed the Humatrope and provided a valid prescription written by a U.S. doctor. (Id.)  United States Customs and Border Protection ("USCBP") determined Plaintiff was in violation of federal law and subsequently seized the Humatrope, as well as Plaintiff's 2004 Jeep Cherokee pursuant to 19 U.S.C. § 1497, Penalties for Failure to Declare; and 19 U.S.C. § 1595, Searches and Seizures. (Id. at 2:20; see also *Answer* [Doc. 3], 2:8.)

Shortly thereafter, Plaintiff waived his right to seek administrative review and requested that USCBP promptly refer his case to the U.S. Attorney for institution of judicial proceedings as required by 19 C.F.R. § 162.31 (2010). (*Opp. to MFJ* [Doc. 15], 3:22.) Plaintiff alleges that, Defendant has taken no such action, and provided no explanation for the delay. (*Compl.* at 3:6.)  On July 6, 2009, Plaintiff filed this lawsuit alleging depravation of property without due process of law, and requesting a writ of mandamus to compel the Defendant to return the seized property.  On February 26, 2010, Defendant filed a motion for judgment on the pleadings.

## II.  LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999).  A district court may grant judgment to a defendant only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Enron Oil Trading & Transp. Co. V. Walbrook Ins. Co., 132 F.3d 526, 529 (9th Cir. 1997) (citations omitted).

---

[1] All Docket references refer to Case No. 09-CV-1453W (BLM)

### III. Discussion

Defendant argues that sovereign immunity shields the United States from Plaintiff's constitutional tort claim and, therefore, Defendant is entitled to judgment as a matter of law. The Court agrees.

The Supreme Court has long held that the United States may not be sued without its consent, and the existence of consent is a prerequisite for jurisdiction. United States v. Mitchell, 463 U.S. 206, 212 (1983); see also United States v. Sherwood, 312 U.S. 584, 586 (1941). Absent a waiver, sovereign immunity "shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Any waiver must be "unequivocally expressed" and any limitations upon the waiver must be "strictly observed and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

In the present case, Plaintiff has named only the United States as Defendant, and has failed to name any individual actors acting in their official capacity. Because Plaintiff has not identified an "unequivocal" waiver by the United States, Plaintiff's constitutional tort claim against the United States for deprivation of property without due process are currently bared by Defendant's sovereign immunity.

### VI. Conclusion

In light of the foregoing, the Court **GRANTS** the motion for judgment on the pleadings with leave to amend.

**IT IS SO ORDERED.**

DATED: July 6, 2010

_____
Hon. Thomas J. Whelan
United States District Judge